Mr. Justice Huger
delivered the opinion of the court:
The act permits “a person in execution on any civil process,” to avail himself of the benefit of the rules, on his giving satisfactory security to the sheriff, (for the solvency of which security, the sheriff is responsible,) “That he will not only remain within the said rules, but will also, within forty days, render to the clerk of the court a schedule, on oath, of his whole estate, or so much thereof as will satisfy the execution, by fqrce of which he was confined.”
If the defendant does not comply with this condition, (filing his schedule within forty days,) he is no longer entitled to the rules, (7th section,) and his bond is forfeited, (9th section.) Nor can he be discharged until he has ful-' ly satisfied the execution on which he was confined j if he has within three months before his confinement, or at any time since, paid another creditor in preference to the plaintiffs, or fraudulently conveyed any of his estate to defraud his creditors. The Judge is permitted, by the act, *268 to submit to tbe decision of a jui’y, whether the defendant has preferred another creditor to the plaintiffs, or whether the defendant has fraudulently conveyed away any part of his estate, but not whether the preference of one creditor to another was fraudulent or not. The preference of one creditor to another per sc, deprives the defendant of th<? benefit of the act.
Levy Sf Me Willie, for the motion,
J. -C. Carter, contra.
Nor does the act authorise a jury to enquire whether the omission to file a schedule was fraudulent or not.
The only questions which can be submitted are,
1st. Whether the defendant has been guilty of fraud ?
2nd. Whether he has preferred another creditor to the. prejudice of the plaintiff ?
3rd. Whether he has made a false return ?
4th. Whether he went without the prison walls, or'prison rules, as the case may be?
As the jury were misdirected, the order of the Circuit Court must be set aside, and a new trial granted.
Jusiices Johnson and Colcocle, concurred.
Justices Noit and Richardson :
We concur in this opinion, on the ground that no sche\ clule was rendered according to the bond. 1